## ILLINOIS LIFE INSURANCE CO. v. CUNNINGHAM et al.

No. 21816. Opinion Filed May 3, 1932.

McKeown & Green, Charles E. Bush, and W. D. Calkins, for plaintiff in error.

Ramsey & Howell and Ralls & Ralls, for defendants in error.

PER CURIAM. In an action brought by Illinois Life Insurance Company against Augustus Cunningham and Grace B. Cunningham, E. L. Spencer et al., in the district court of Coal county, Okla., judgment for debt was rendered in favor of the plaintiff and against the defendant Grace B. Cunningham, on a note, and further judgment against all of the defendants, foreclosing a first mortgage on certain real estate given as security for the payment of said indebtedness; the judgment remaining unpaid, in due time, the real estate and premises de-

94

scribed in said mortgage and the judgment were sold at sheriff's sale, and after confirmation of sale and execution of sheriff's deed, plaintiff filed application to have funds in the hands of the receiver applied to the payment of the taxes on the real estate and to the balance remaining due on the judgment. From an order of the court denying the application of the plaintiff, and its order and judgment directing that the funds in the hands of the said receiver be paid to Augustus Cunningham, the plaintiff duly perfected appeal to this court by filing petition in error with case-made on October 15, 1930.

Plaintiff in error, in compliance with the rules and order of this court, filed brief in support of the assignments of error set out in the petition in error filed herein. The defendants in error, nor any of them, have filed answer brief nor any other pleading or instrument in this cause on appeal, neither have they offered any excuse for their failure to do so. This court has repeatedly held:

"Where plaintiff in error has served and filed its brief in compliance with the rules of this court, and the defendant in error has neither filed a brief nor offered any excuse for his failure to do so, this court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained, but may, where the authorities cited in the brief filed, appear reasonably to sustain the assignments of error, reverse the cause, with directions, in accordance with the prayer of the petition in error." City National Bank v. Coatney, 122 Okla. 233, 253 P. 481.

Plaintiff in error prays that the order of the trial court denying the application of the receivership funds to the payment of balance due on the judgment and taxes, and ordering and directing that said funds be paid to the defendant Augustus Cunningham, be reversed and set aside, and that judgment authorizing the receiver to pay to plaintiff the funds now in his hands covering the rents received from said real estate be entered. We have examined the pleadings and proof introduced, as set forth in the brief of plaintiff in error, and the authorities cited therein reasonably support the assignments of error, and under the uniform holding of this court, plaintiff in error is entitled to have this cause reversed, with directions to the trial court to set aside the order appealed from, and to enter its order directing the disbursement of the funds in the hands of the receiver, as prayed for in the application of the plaintiff in error; and it is so ordered.

Note.—See under (1) 2 R. C. L. 176; R. C. L. Perm. Supp. p. 360.